**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODERICK WRIGHT; FERNANDO OLIVAREZ; MARCUS HAYNES, Jr., On Behalf of Themselves and Others Similarly Situated, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> RENZENBERGER, INC., a Kansas corporation, <br><br> Defendant - Appellee. | No. 14-55944 <br><br> D.C. No. 2:13-cv-06642-GAF-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted May 5, 2016
Pasadena, California

Before: FISHER, M. SMITH, and NGUYEN, Circuit Judges.

Plaintiffs-Appellants Roderick Wright, Fernando Olivarez, and Marcus

Haynes, Jr. appeal from the district court's denial of their motion for class

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

certification. We affirm in part, reverse in part, vacate in part, and remand for further proceedings.

Defendant-Appellee Renzenberger, Inc. (Renzenberger) employed Appellants as drivers to transport railroad crews between and within railroad yards. In the operative complaint, Appellants alleged that Renzenberger failed to comply with laws concerning rest breaks and compensation. Appellants moved for certification of five classes. The district court granted certification as to the one class not opposed by Defendant, the Separate Pay Class, but denied certification as to the other four classes. We do not disturb the ruling concerning the Separate Pay Class, and address the remaining proposed classes in turn. At the outset, we note a district court can resolve merits questions at the class certification stage "only to the extent . . . that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S.Ct. 1184, 1195 (2013). The district court erred in determining merits issues best left for a motion to dismiss or motion for summary judgment.

## I.    The Rest Break Class

The proposed Rest Break Class alleged Renzenberger's rest break policies failed to "authorize and permit" rest breaks as required under California law. The district court denied class certification for lack of commonality, reasoning that

2

"[b]ecause Renzenberger's policies plainly comply with [California law], Plaintiffs have not demonstrated the possibility of any common injury or any common resolution."

This was an abuse of discretion. Commonality turns on whether class treatment will "'generate common *answers* apt to drive the resolution of the litigation.'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). Whether Renzenberger's policies complied with the law was a common question, whatever its merits. *See Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 1113-14 (9th Cir. 2014) ("[T]he district court erred in denying class certification because of its legal error of evaluating merits questions, rather than focusing on whether the questions presented, whether meritorious or not, were common to the members of the putative class.").

However, "Rule 23(b)(3) requires a showing that questions common to the class predominate." *Amgen*, 133 S.Ct. at 1191 (emphasis omitted). And here, the common question of the policies' legality does not predominate. Renzenberger's rest break policy in its July 10, 2011 handbook stated: "Drivers are provided one paid 10-minute rest break for every four hours worked. Drivers should aim to take their rest breaks during the middle of each four hour period. Waiting time and time

3

in between yard moves will be counted as rest breaks." Renzenberger's rest break policy in its January 2, 2014 handbook stated: "Drivers are provided one paid and uninterrupted 10-minute rest break for every four hours worked, or major fraction of four hours. . . . Drivers should aim to take their rest breaks during the middle of each four hour period. Rest breaks should be taken during waiting time and time in between yard moves."

Appellants argue that these policies fail to provide the statutorily required rest breaks because "Renzenberger does not guarantee any minimum amount of 'waiting time' or 'time in between yard moves' and makes no effort to know in advance whether 'waiting time' or 'time in between yard moves' will actually occur, when it will occur, or how long it will last." Because the policies on their face permit rest breaks, Appellants can establish liability only by showing that, by operation of the policies, they were not permitted to take ten consecutive minutes of break per four hours.

But as Appellants conceded below, "[t]he amount of 'waiting time' and 'time in between yard moves' varies each day depending on numerous variables, such as the number of drivers, the number of trains, how far a driver has to travel, the number of vans available, whether there was a train derailment, and traffic." Mem. P. & A. in Supp. of Pls.' Mot. for Class Certification at 6 (Mar. 10, 2014)

4

(ECF 26). Unlike the policy at issue in *Brinker Restaurant Corp. v. Superior Court*, 273 P.3d 513, 531 (Cal. 2012), Renzenberger's policies do not uniformly deprive employees of rest breaks; the effect of the policies depends instead on their interaction with these variables, which differ for each class member. Because these individualized determinations predominate over the common questions, we affirm the denial of certification of the Rest Break Class.

## II.     The Pay Averaging Class

The proposed Pay Averaging Class challenged the legality of a policy that ensured an employee's average hourly rate for the workweek was at or above minimum wage, instead of ensuring that each hour was separately compensated at no less than minimum wage. Renzenberger's January 2012 road payroll policy provided:

> The Fair Labor Standards Act requires employers to compensate non-exempt employees at a minimum hourly wage. The unit of measure used for determining compliance with the minimum wage requirement is a pay week. Therefore, all trips for a pay week must be used to calculate a Driver's effective hourly rate. The pay system compares effective hourly rate to minimum wage and makes an adjustment if at any time the effective hourly rate is less than the minimum wage. The adjustment shows on your pay stub.

The district court held that this policy did not give rise to any injury because all non-driving work was compensated by hourly wages at or above minimum wage,

such that the only possible injury would arise from piece rate pay. The district court distinguished the cases upon which Appellants relied, reasoning that all work was compensated either by a piece rate or an hourly wage, and there could be no injury because Renzenberger provided additional compensation if the overall average hourly rate was too low and "[t]he very nature of piece rate pay is such that this type of averaging must happen from time to time." On that basis, the district court denied certification.[1]

Again, the district court abused its discretion by denying certification based on its view that the common question would be resolved against the proposed class. But unlike for the Rest Break Class, the common questions for the Pay Averaging Class predominate because liability as to all class members turns on whether averaging is permissible.

Renzenberger urges us to uphold the denial of certification on the alternative ground that the case could not be manageably tried on a classwide basis because the court would have to determine for each hour worked whether the pay was

---

[1] The district court also denied certification due to an ambiguity relating to the class period. The proposed class period was from August 1, 2011 until February 22, 2014, but the district court noted that the policy appears to have been put into effect in January 2012, and Renzenberger stated that it operated under the policy beginning only in July 2012. The district court could have tailored the class definition to account for this timing issue.

hourly or piece rate, and if the latter, whether the rate fell below minimum wage. But the case does not involve a dispute about which hours were piece rate and which were hourly. Renzenberger maintains that all non-driving work was compensated at or above minimum wage. Thus, the question is only whether it is permissible to average piece rate hours.

If that averaging is not permissible, whether the rate fell below minimum wage for any given piece rate hour is merely a question of calculating damages. "[D]amages determinations are individual in nearly all wage-and-hour class actions," and "damage calculations alone cannot defeat class certification." *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014) (quoting *Leyva v. Medline Indus., Inc.*, 716 F.3d 510, 513 (9th Cir. 2013)). Certification would not preclude Renzenberger's "opportunity to raise any individualized defense it might have at the damages phase of the proceedings." *Id.* at 1168. Accordingly, we reverse the district court's denial of class certification of the Pay Averaging Class.

## III. The Wage Statement Class

The proposed Wage Statement Class alleged Renzenberger failed to provide "an accurate itemized statement" showing "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate," as required by Cal. Labor Code § 226(a). Specifically, Appellants

contended that the road driver wage statements showed wait time and corresponding rates in only per-minute—not hourly—increments, although total hours were provided using an hourly measure. And Appellants contended that the yard driver wage statements provided the average hourly pay rate only per week, rather than per day. Appellants also contended that for both road and yard drivers, Renzenberger's statements incorrectly listed the overtime rate as one-half the regular rate, the same as the regular rate, or did not list the overtime rate at all.

The district court observed that class certification might be appropriate if it considered only the wage sheets, but that employees also received pay stubs with their wage sheets, and the pay stubs "provide[d] both the total time worked and an hourly rate for each component of that time." The district court held that Plaintiffs had not demonstrated any injury, "and have therefore not demonstrated that they have an injury typical of the class," and denied certification.

This was an abuse of discretion. "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis*, 657 F.3d at 984 (quotation marks and citation omitted). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class."

8

*Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). Thus, whether a named plaintiff actually suffered injury is irrelevant;[2] what matters is whether the plaintiff has alleged the same type of injury as other plaintiffs. Here, Wright's claims are typical of the class because, according to Appellants, their "theory of liability is that drivers are injured because they are required to perform mathematical calculations to determine whether they were accurately paid for all hours worked."[3] Though Rezenberger asserts that liability is precluded by information provided to employees in pay stubs, the legality of Rezenberger's policies regarding the information included in pay stubs can be determined on a classwide basis. We therefore reverse the district court's denial of class certification of the Wage Statement Class.

---

[2] Renzenberger contends it was appropriate to list a half-of-regular rate for overtime pay because employees had already been paid at the regular hourly rate for the total number of hours worked, including overtime hours, such that the half rate accurately reflected the incremental payment due. That contention goes to the merits, and can be determined on a class-wide basis. It does not affect the typicality of the claim.

[3] As Appellants noted, there is variation in the wage statements and pay stubs, which sometimes represent the overtime rate as one-and-half times the regular pay rate, sometimes as half the regular pay rate—sometimes as both on the same document—and sometimes omit the rate. Given the nature of the asserted claim, this limited variation does not show that the named plaintiffs' injury is atypical or that the claim is not amenable to class treatment.

## IV. The Waiting Time Class

The proposed Waiting Time Class sought penalties for failure to timely pay all wages owing at the time of termination of employment for all members of the Rest Break, Separate Pay, and Pay Averaging Classes whose employment ended between August 1, 2011 through the date of certification. Thus, Waiting Time Class members needed to show they were owed additional rest break and minimum wages—*i.e.*, they must prevail on their rest break, separate pay and pay averaging class claims—*and* that Renzenberger willfully failed to pay those wages. *See* Cal. Labor Code § 203(a).

The district court denied certification on the ground that Appellants failed to allege that Renzenberger failed to provide named plaintiff Haynes with the wages due at the conclusion of his employment. This finding was an abuse of discretion. Appellants had, in fact, alleged that "Plaintiff Haynes, Jr. and other Waiting Time Class members were not timely paid all wages owing at the time of termination of employment." However, while appellants alleged that the failure to pay wages at the time employment ended was willful, no specific facts supported that allegation.

We leave the question of whether the willfulness determination is suitable for class treatment to the district court in the first instance. Should the district court determine that class treatment is proper, it will need to modify the definition of the

10

Waiting Time Class to account for the denial of certification of the Rest Break Class.

**V.     Conclusion**

We therefore affirm the denial of certification as to the Rest Break Class, reverse the denial of certification as to the Pay Averaging and Wage Statement Classes, and vacate and remand as to the Waiting Time Class.

AFFIRMED in part, REVERSED in part, and VACATED in part.

Each party shall bear its own costs.